UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA HICKEY, | ) |
| Plaintiff, | ) |
| v. | ) No. 19-cv-03333 |
| RUDY OLIVA, | ) Judge John Robert Blakey |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Brenda Hickey sues Defendant Rudy Oliva in negligence following an automobile collision that occurred in Addison, Illinois. [1]. Plaintiff now moves for partial summary judgment on the issue of liability. [49]. For the reasons explained below, the Court denies Plaintiff's motion.

**I.  Background**

This case stems from a traffic collision that occurred on April 6, 2016. [1]. At approximately 3:30 p.m., Defendant Rudy Oliva ("Defendant" or "Oliva") was driving to work in his father's white Jeep Wrangler. [52-1] at 5:14–15; 8:15–20; 9:18–20. After leaving his mother's house in Villa Park, he headed north on Grace Street toward its intersection with Fullerton Avenue. *Id.* at 12:17–19; 13:4–8. This particular stretch of Grace Street has three lanes of northbound traffic; Oliva drove in the far-right lane. *Id.* at 18:17–19. He continued down Grace Street, intending to

1

make a right-hand turn onto Fullerton. *Id.* at 18:13, 23. Oliva was alone in the car. *Id.* at 14:3. He was not using his phone while driving, and he was not under the influence of drugs or alcohol. *Id.* at 35:3–12.

Meanwhile, Plaintiff Brenda Hickey ("Plaintiff" or "Hickey") was traveling westbound on Fullerton in her 2003 Lexus RX 300. [50-1] at 22:22; 28:18. As Oliva approached the intersection of Grace and Fullerton, Hickey was stopped at the intersection. *Id.* at 22:21–22. The traffic control signal facing her was red as she sat in the left turning lane on Fullerton. [52-1] at 20:21–21:2. She was the first car in the lane, and there were no cars behind her. [50-1] at 25:1–5.

As Oliva neared the intersection, the traffic control signal facing him was green. [52-1] at 19:3. He had a clear view of both the traffic control signal and Hickey's car before initiating his right turn. [52-1] at 19:12; 20:6. Likewise, Hickey saw Oliva's Jeep as it approached the intersection. [50-1] at 25:6–19. As Oliva began to make his right turn onto Fullerton, he asserts that he started pressing the brakes with his right foot.[1] [52-1] at 21:15–17. However, Oliva lost control of his car while making the turn. [52-1] at 21:8. His Jeep slid into Hickey's lane and collided with the front and driver's side of Hickey's car. [52-1] at 21:22; 22:9–11. Before the crash, Hickey did not honk her horn or attempt to move her car. [50-1] at 27:6, 17. Hickey's airbags did not deploy after the crash. [50-1] at 26:3–4.

Shortly after the collision, an Addison police officer arrived at the scene. [52-1] at 23:14. The officer charged Oliva with failing to reduce speed to avoid an accident

---

[1] As discussed below, the parties dispute whether Oliva did, in fact, begin to slow down. *See, e.g.*, [50-1] at 25:14–16 ("[I]t looked like he was traveling fast. . . . He did not try to slow down.").

2

in violation of 625 ILCS 5/11-601. [52-1] at 29:19. Hickey left the scene in an ambulance, complaining of pain in her head. [50-1] at 41:10–11; 42:2. She testified that she does not precisely recall how her car was removed from the scene. *Id.* at 41:8–11. Oliva's car was towed. [52-1] at 29:16. Oliva ultimately pled guilty to the charge of failing to reduce speed to avoid an accident. *Id.* at 29:24–30:2.

**II. Legal Standard**

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The function of summary judgment is not to resolve "a question of fact, but simply to determine whether one exists." *Jackson v. TLC Assoc, Inc.,* 706 N.E.2d 460, 463 (Ill. 1998). A genuine dispute of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *King v. Hendricks Cty. Comm'rs*, 954 F.3d 981, 984 (7th Cir. 2020). The non-moving party bears the burden of identifying the evidence that creates an issue of fact. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021–22 (7th Cir. 2018). To satisfy that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*

3

*Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 832 (7th Cir. 2019). A mere "scintilla of evidence" supporting the non-movant's position does not suffice; instead "there must be evidence on which the jury could reasonably find for the non-moving party." *Anderson*, 477 U.S. at 252.

### III. Analysis

Hickey pursues a theory of ordinary negligence and seeks summary judgment on the issue of liability. In Illinois, a plaintiff claiming ordinary negligence must prove the following three elements: (1) the defendant owed a duty of care; (2) the defendant breached that duty; and (3) the plaintiff experienced injuries as a proximate cause of that breach. *Doe v. Coe*, 135 N.E.3d 1, 15 (Ill. 2019).

#### A. Duty of Care

Under Illinois law, it has long been established that every driver is charged with the common law duties "to exercise reasonable care in the operation of his vehicle," *Moran v. Gatz*, 62 N.E.2d 443, 444 (Ill. 1945), and to "keep a safe lookout to avoid colliding with a vehicle ahead," *Pace v. McClow*, 458 N.E.2d 4, 9 (Ill. App. Ct. 1983).

These common law duties compliment the statutory duties of Illinois drivers. The statutory duties include the duty to avoid operating a vehicle at a "speed which is greater than is reasonable and proper with regard to traffic conditions" (625 ILCS 5/11-601); the duty to drive on the "right half of the roadway" (625 ILCS 5/11-701); the duty to "obey the instructions of any traffic control device" (625 ILCS 5/11-301(a));

4

and the duty to appropriately yield the right of way when approaching an intersection (625 ILCS 5/11-901(a)). Here, the parties do not dispute the existence of these duties.

**B. Breach of Duty**

In an ordinary negligence action, a defendant breaches his duty when his conduct deviates from the standard of ordinary care. *See Rice v. White*, 874 N.E.2d 132, 146 (Ill. App. Ct. 2017). Even when a collision occurs "where the plaintiff has exercised ordinary care, [that] does not of itself raise any presumption of negligence on the defendant's part." *Burgdorff v. IBM Corp.*, 392 N.E.2d 183, 186 (Ill. App. Ct. 1979); *Russell v. Rowe*, 226 N.E.2d 652, 654 (Ill. App. Ct. 1967).

Hickey alleges Oliva negligently operated his motor vehicle by committing one or more of the following wrongful acts: (1) he "disobeyed a traffic control device," [1] ¶ 5(a); (2) he "failed to yield the right of way to Plaintiff's vehicle," *id.* ¶ 5(b); (3) he "failed to keep a good and sufficient lookout for other motor vehicles including the Plaintiff's," *id.* ¶ 5(c); (4) he "[d]rove his vehicle at a speed that was too great for the conditions existing at the applicable period of time," *id.* ¶ 5(d); and (5) he "[m]ade a right hand turn crossing the center line of the street," *id.* ¶ 5(e). In addressing each allegation, and for the reasons explained below, the Court finds that the record raises genuine issues of material fact, and thus, summary judgment is improper.

**1. Traffic Control Device & Failure to Yield**

To begin, Plaintiff alleges that Oliva breached his duty of care by disobeying a traffic control device. *Id.* ¶ 5(a). The record, however, does not appear to establish such a contention. Oliva testified that as he proceeded north on Grace Street and

5

approached the intersection, the traffic control signal facing him was green. [52-1] at 19:3. Additionally, Hickey testified that at the time of the collision, while she faced westbound on Fullerton, her car was stopped at the intersection because the traffic control signal facing her was red. [50-1] at 22:21–22; [52-1] at 20:21–21:2. More, Plaintiff appears to concede that Oliva's light was green: "The intersection was controlled by a traffic signal and at the time of the crash [Oliva's] light was green." [49-1] ¶ 4. In view of the testimony suggesting that Oliva complied with the traffic signal in his direction, the Court cannot say, as a matter of law, that he breached a duty of care by disobeying a traffic control signal.

Nor, for that matter, can the Court award summary judgment to Plaintiff on account of Defendant's alleged failure to yield. [1] ¶ 5(b). The record suggests that the light in Oliva's direction was green; Hickey remained stopped at a red light. The facts asserted by both parties do not establish that Hickey possessed the right of way or that Oliva had a duty to yield. For that reason, summary judgment in Plaintiff's favor is inappropriate on this front as well.

### 2. Failure to Lookout

Plaintiff also contends that Defendant "failed to keep a good and sufficient lookout for other motor vehicles including the Plaintiff's." [49-2] at 2. On the present record, it remains unclear whether Oliva failed to act in accordance with his duty to remain aware of those around him. He testified there was nothing obstructing his view of the traffic control device as he approached the intersection, and further that he was aware of Hickey's car before making his turn. [52-1] at 19:12; 20:6. Given

6

that Hickey's car was the only car sitting in the left turning lane on Fullerton when Oliva reached the intersection, it is likely that Oliva would have seen her car. [50-1] at 25:1–5.

Nevertheless, Illinois courts have held that the question of proper lookout is one for the jury to decide, *see, e.g.*, *O'Brien v. Hertl*, 606 N.E.2d 225, 228 (Ill. App. Ct. 1992) ("[Q]uestions of proper lookout and speed appropriate to conditions are generally questions for the jury to decide.") (collecting cases), and the Court cannot say that "there can be no difference in the judgment of reasonable" persons as to the "inferences to be drawn," from the record, *id*. (citing *Ney v. Yellow Cab Co.*, 117 N.E.2d 74, 84 (Ill. 1954)). *See also Perez v. K & B Transportation, Inc.*, 967 F.3d 651, 653 (7th Cir. 2020) ("We conclude that this classic negligence case was inappropriate for summary adjudication. Under Illinois law, a reasonable juror could infer that [defendant] was driving negligently based on the evidence that she read-ended [plaintiff] and that she was driving too fast for the weather conditions."). Consequently, the Court cannot grant summary judgment in favor of Plaintiff on this front, either.

### 3. Defendant's Speed

Plaintiff next contends that Defendant breached his duty of care by driving "his vehicle at a speed that was too great for the conditions existing at the applicable period." [49-2] at 2. In support, Plaintiff points to Defendant's deposition testimony. *See* [49-1] at 1. Defendant testified at his deposition that he could not recall the governing speed limit; nor could he recall the precise speed he was traveling before

7

the collision, except to say that he normally travels below the applicable limit. *See* [52-1] at 15:18–16:5; 17:12–24. He also explained that, as he approached the intersection, he "remember[ed] slowing down," *id*. 19:13–18, and that his speed did not exceed 35 miles per hour while on Grace Street, *id*. at 16:1–2, 21; 17:5; 36:1, 8–20. In her deposition, Plaintiff recalled a slightly different set of events: "I saw him from that corner come out. It looked like he was traveling fast. I saw him come right at me. He did not try to slow down or try to miss me." [50-1] 25:10–19.

In view of the conflicting testimony, summary judgment is inappropriate on the issue of whether Defendant breached his duty of care by driving at an excessive speed. *See Perez*, 967 F.3d at 654 (finding summary judgment inappropriate where the parties disputed the proper driving speed given prevailing weather conditions). Once again, this is a question of fact better reserved for the jury. *Id*. at 657 ("The appropriate speed under the circumstances is a fact-intensive question, highly contested by both sides, and the kind of reasonableness determination that is best suited for a jury." (citing *Surdyk v. Ind. Harbor Belt. R. Co.*, 148 F.2d 795, 797 (7th Cir. 1945) ("It is well established law in Illinois, as well as in other jurisdictions, needing no citation to authorities, that human conduct must be judged by human standards; that negligence does not become a question of law alone, unless the acts constituting it are of such a character that all reasonable men would concur in pronouncing them so.")); *O'Brien*, 606 N.E.2d at 228 (same).

Nor does the Court find persuasive Plaintiff's attempt to rely solely on Oliva's guilty plea. [52] at 3 (emphasizing that Oliva pled guilty to a traffic citation for

8

violating 625 ILCS 5/11-601), as Illinois courts have long held that while properly admissible against a defendant in a civil proceeding, a guilty plea to a traffic citation is persuasive evidence only "and not conclusive proof." *Wright v. Stokes,* 522 N.E.2d 308, 311 (Ill. App. Ct. 1988); *see also Lynch v. Bielicke*, No. 17-cv-1142, 2019 WL 1670804, at *2 (S.D. Ill. Apr. 17, 2019) ("The plaintiffs are not entitled to summary judgment on the issue of liability because [defendant]'s guilty plea to the traffic citation does not establish as a matter of law that he was negligent and 100% at fault for the accident."); *Hartigan v. Robertson,* 409 N.E.2d 366, 371 (Ill. App. Ct. 1980) (defendant was given a chance to explain away his guilty plea at trial). As such, Oliva's guilty plea is not dispositive evidence that his speed was excessive.

**4. Weather Conditions**

Additionally, the parties dispute the weather and resulting road conditions at the time of the collision. Illinois courts have consistently viewed weather and road conditions as a relevant consideration in determining the negligence of a driver. *See, e.g.*, *Perez,* 967 F.3d at 657 (discussing hazardous road conditions); *Hood v. Leighty*, 176 N.E.3d 212, 219 (Ill. App. Ct. 2020) (finding officer testimony, which included a report of clear weather and dry roads, raised factual questions as to defendant driver's breach of duty).

Here, the parties have presented conflicting testimony on the weather at the time of the collision. At his deposition, Oliva testified "it was raining at the time of the accident" and described the roads as "slippery." [52-1] at 13:15–6. Hickey,

9

however, testified "the roads were not wet" and described the weather as "a beautiful sun-shining day." [50-1] at 30:1. The Court reserves this factual issue for the jury.

### C. Comparative Negligence

That leaves the issue of comparative negligence. Illinois courts have "repeatedly recognized that the determination of due care in a comparative negligence claim is a factual determination, left to the trier of fact." *Clanton v. United States*, 20 F.4th 1137, 1143 (7th Cir. 2021) (citing *Gilman v. Kessler*, 548 N.E.2d 1371, 1378 (Ill. App. Ct. 1989) (holding that "[g]enerally, the issue of whether plaintiff exercised due care for her own safety is a question of fact for the jury.")). Here, Oliva testified that he could not recall whether Hickey's car was completely within her lane or "was over the [center] line" at the time of the collision. [50-1] at 24:20–25:4. Hickey asserts that when Oliva spoke with the Addison officer at the scene, Oliva did not make any negative remarks about Hickey's driving during the conversation. [50-1] at 31:11–16. In view of the relatively spare record, and the clear precedent establishing that the rightful place of comparative negligence is before a jury, the Court declines to engage in summary adjudication of the issue, here.

### D. Causation

Genuine issues of material fact remain regarding Oliva's alleged breach of his duty of care. Accordingly, the Court need not address issues of causation, which are better left for the jury. *See, e.g.*, *Rhodes v. Wright*, 805 N.E.2d 382, 388 (Ind. 2004) (the question of proximate cause is one usually left for the jury).

## IV. Conclusion

For the reasons stated above, the Court denies Plaintiff's motion for partial summary judgment. [49].

Dated: March 22, 2022                    Entered:

_____
John Robert Blakey
United States District Judge